**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**
**OFFICE OF THE CLERK**
www.ned.uscourts.gov

Denise M. Lucks
Clerk of Court

Gabriela Acosta
Chief Deputy Clerk

### Transmittal Sheet - Electronic Documents

To:  Clerk, USCA, 8th Circuit, St. Louis, Missouri

From:  Clerk, U.S. District Court, Omaha, Nebraska

Date:  May 20, 2024

District Court No:  8:23-cv-00547-RFR-MDN

Appeal No:  24-1940

Style:  Riddle v. Omaha Public Schools

Transmitted herewith:

☐  Supplement to Notice of Appeal, filing no. 35.

Sincerely,

By:  s/ Lindsey Olson
Deputy Clerk

cc:  All Counsel

Received by:

***Please note***

Electronic copy of record. Do not return this record to the U.S. District Court of Nebraska when your case is closed.

Forms-Appeal-Letter-Transmittal_to_Circuit
Approved 12/22/14
Revised 04/15/16

RECEIVED
MAY 2 4 2024
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

111 South 18th Plaza, Suite 1152, Omaha, NE 68102-1322
Omaha: (402) 661-7350 | Fax: (402) 661-7387 | Toll Free: (866) 220-4381
Lincoln: (402) 437-1900 | Fax: (402) 437-1911 | Toll Free: (866) 220-4379

APPELLANT'S MOTION TO COMPEL COMPLETE AND UNREDACTED RECORD ON APPEAL
AND
NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF SCOPE OF ISSUES PRESENTED

Appellant Justin Riddle, proceeding pro se, hereby moves this Court to compel the District Court to transmit a complete and unredacted copy of the entire district court record, including all post-appeal filings, to the appellate record pursuant to Federal Rules of Appellate Procedure 10(a) and 48. Any redaction or omission would violate Mr. Riddle's due process rights and impair this Court's ability to fully review the profound constitutional issues presented.

As clarified in the attached Notice, the pervasive bias, due process deprivations, and disregard for basic rights that Mr. Riddle has endured expose an entrenched culture of judicial prejudice and abdication of impartiality that threatens the entire legal system's integrity. If such blatant bias against a pro se litigant persists unchecked, it strains credulity to believe the same systemic rot does not infect cases involving represented parties, albeit through more subtle channels.

Moreover, the legal profession's self-regulating insularity, combined with the specter of retaliation against attorneys who confront misconduct, allows this unethical culture to metastasize
unchallenged. The very officers of the court best positioned to expose abuses face immense pressure to remain silent.

As such, Mr. Riddle's exhaustively documented experiences, verified by renowned experts, represent a rare unfiltered glimpse into a potentially pervasive crisis. If countenanced, it strikes at the heart of the judiciary's fundamental fairness and legitimacy.

The issues presented transcend Mr. Riddle's individual claims, implicating the integrity of every case before the offending judges. This appeal is a clarion call for transparency, accountability, and a long-overdue reckoning with the systemic disincentives for confronting judicial impropriety.

Mr. Riddle, armed only with the courage of his convictions, has shouldered the immense burden of surfacing this crisis. It now falls to this Court to meet his evidence with the utmost seriousness and unsparing self-reflection. For a system that tolerates such unchecked abuses of power cannot be reconciled with any meaningful conception of equal justice.

The very survival of the rule of law hangs in the balance. Accordingly, it is imperative that this Court have before it the full, unvarnished record of the district court's conduct. Any filtering or concealment of Mr. Riddle's submissions would enable the very erosions of due process and public trust his appeal seeks to remedy.

This Court must therefore exercise its supervisory powers to compel transmission of Mr.

Riddle's complete, unredacted district court docket in both print and digital format. Only through such transparent appellate oversight can the systemic bias and compromised impartiality spotlighted by this appeal be decisively confronted - as our Constitution demands.

By ensuring no stone goes unturned, this Court can send an unmistakable signal that transparency, impartiality and equal justice remain its paramount duties. The American people's faith in the courts requires a fearless and unflinching examination of the troubling evidence Mr. Riddle has marshaled – however inconvenient some may find it.

Indeed, it is precisely the most uncomfortable truths that most urgently demand judicial exposure. For too long, the harsh realities laid bare by Mr. Riddle's ordeals have been met with a conspiracy of silence. To restore confidence in the courts as impartial guardians, these festering wounds must finally be lanced under the full light of appellate scrutiny.

This Court faces a stark choice: Will it robustly assert its supervisory authority to uphold the rule of law, or be complicit through inaction in the most egregious judicial breakdown of our time?

Compelling the complete record is a critical first step toward transparency and renewal. Any attempt at concealment will speak for itself.

The stakes could not be higher. The world is watching.

Respectfully submitted,

Justin Riddle
Plaintiff-Appellant, Pro Se

NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF SCOPE OF ISSUES PRESENTED

Plaintiff-Appellant Justin Riddle, proceeding pro se, respectfully submits this Notice to clarify the extraordinary scope and gravity of the issues presented, as exhaustively documented in the verified record and exhibits to his opening brief.

The pervasive pattern of bias, due process deprivations, and disregard for basic rights that Mr. Riddle has suffered across multiple federal cases represents far more than an isolated injustice. It is a canary in the coal mine, exposing an entrenched culture of judicial prejudice and abdication of impartiality that threatens to undermine the entire legal system.

If judges can display such flagrant bias and disregard for the rule of law against a pro se plaintiff without consequence, it beggars belief to presume the same unethical conduct does not infect proceedings involving represented parties. Subtle biases related to appearance, background, or affiliation undoubtedly taint the administration of justice in ways that may be less overt but are no
less corrosive.

Moreover, the self-regulating nature of the bar, combined with the potential for reprisal against attorneys who challenge judicial misconduct, enables such behavior to spread unchecked. Practicing lawyers face immense pressure to stay silent even in the face of clear abuses of power, out of fear for their professional standing.

As such, Mr. Riddle's experiences, exhaustively documented in the record and verified by those who dare examine the uncontested evidence, represent a rare unfiltered window into a potentially endemic problem. If his case reflects a larger judicial culture in which bias and inequity are tolerated or even tacitly encouraged, while the lawyers best positioned to expose misconduct are deterred from speaking out, it poses an existential threat to the courts' legitimacy.

The issues presented thus reach far beyond Mr. Riddle's individual claims, implicating the fundamental fairness of every case overseen by the offending judges. This appeal represents a clarion call for transparency, accountability, and a long-overdue reckoning with the crisis of judicial ethics and the structural disincentives for attorneys to confront impropriety.

Mr. Riddle, having nothing to lose but his own rights, has borne the immense burden of surfacing this scandal. It is now incumbent upon this Court to meet his evidence with the gravest seriousness and to recognize that a system that abides such unchecked abuses of power and reprisal cannot be reconciled with any meaningful conception of equal justice.

The very survival of the rule of law and the future legitimacy of the judiciary are at stake. The choice is stark: Will this Court prove a fearless bulwark against encroaching tyranny, or be recorded as appallingly derelict in its most sacred duty?

Respectfully submitted,
Justin Riddle
Plaintiff-Appellant, Pro Se

U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Court House
111 South 10th Street, Room 24.329
St. Louis, MO 63102